# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AKHAVAN, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01506-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S RESPONSE TO SCREENING ORDER AS MOTION FOR EXTENSION OF TIME (ECF No. 9)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (ECF No. 9)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 4, 2024, the Court screened the complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 8.)

Currently before the Court is Plaintiff's response to the screening order, filed March 25, 2024. (ECF No. 9.) Plaintiff states that the screening order he received names a Defendant M. Pallares, who he did not name. Plaintiff requests an extension of thirty days to know whether this is a mistake that needs to be corrected or not. (*Id.*)

The Court construes the filing as a request for an extension of time. Having considered the request, Plaintiff has shown good cause for the requested extension of time. Fed. R. Civ. P. 6(b).

Plaintiff is informed that the inclusion of Defendant Pallares in the caption of the screening order was a clerical error by the Court. The caption as reflected above, naming Defendant Akhavan, is the correct caption for this case. Plaintiff does not need to take any action

to correct the mistake.

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's response to screening order, (ECF No. 9), is CONSTRUED as a motion for extension of time;
2. Plaintiff's motion for extension of time, (ECF No. 9), is GRANTED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's March 4, 2024 screening order (or file a notice of voluntary dismissal); and
4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **March 26, 2024**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2