# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AKHAVAN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01506-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 13)<br><br>ORDER GRANTING THIRD MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 13)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 4, 2024, the Court screened the complaint and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 8.) Following two extensions of time, Plaintiff's amended complaint or notice of voluntary dismissal was due on or before May 28, 2024. (ECF Nos. 10, 12.)

　　　Currently before the Court is Plaintiff's motion requesting appointment of counsel and a third extension of time, filed May 24, 2024. (ECF No. 13.) In his motion, Plaintiff states that he was scheduled to transfer but was scratched off the list due to his mental health status. His property was taken a week ago and not returned. Plaintiff does not have any of his case

information and does not know how to word things or what to write down.  Plaintiff has not heard back from the Court regarding his previous request for extension of time.  (*Id.*)

Plaintiff is informed he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners with limited legal knowledge and limited access to their institution's law library who are proceeding *pro se* almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.  Although Plaintiff may be temporarily limited in his access to his legal property, if he needs additional time to meet the Court's deadlines he may seek an extension of time, as he has done here.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's original complaint was screened and found not to state cognizable claims, and the Court is awaiting the filing of Plaintiff's amended complaint for screening.  Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

///

Finally, with respect to Plaintiff's request for an extension of time to file an amended complaint, the Court finds good cause for the requested extension. As Plaintiff has not requested a specific length of extension, the Court finds that an extension of thirty days is appropriate under the circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 13), is DENIED, without prejudice;
2. Plaintiff's third motion for extension of time to file an amended complaint, (ECF No. 13), is GRANTED;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the March 4, 2024 screening order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and
5. **The failure to comply with this order will result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **May 28, 2024**              /s/ Barbara A. McAuliffe          _
                                         UNITED STATES MAGISTRATE JUDGE

3