1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7

8

JAIME CESAR GONZALES,

9

Plaintiff,

10

v.

11

AKHAVAN, *et al.*,

12

Defendants.

13

14

15

16

17

Case No.  1:23-cv-01506-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

ECF No. 18

**FOURTEEN (14) DEADLINE**

18

Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

19

*forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's

20

complaint and he was granted leave to amend. Plaintiff's first amended complaint is currently

21

before this Court for screening.[1]  (ECF No. 18.)

22

> **I.      Screening Requirement and Standard**

23

The Court is required to screen complaints brought by prisoners seeking relief against a

24

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

25

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

26

27

---

[1] After filing the first amended complaint, Plaintiff filed an untitled document which appears to relate this case to other cases: 23-1505-SAB; 23-1505-SAB 23-1359-GSA, and possibly 2:23-8961 (possibly pending in the Central District of California).

28

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,*

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.      Plaintiff's Allegations

Plaintiff is currently housed at California State Prison at Lancaster. Plaintiff alleges the

events in the complaint occurred at Advantist[2] Hospital in Bakersfield, California, at California

City Correctional facility ("CAC") and at Ironwood State Prison.  Plaintiff names as defendants,

(1) Roberts Port,[3] medical doctor at Advantist, (2) P. Pampino, medical doctor, (3) Jane Doe, "Lt.

in charge of I/p's floor at Advantist," (4) Martinez, correctional officer, (5) E. Jackson,

correctional officer at California City, (6) R. Ruiz, sergeant at California City, (7) J. Huff,

correctional officer at California City, (8) C. Jhonson (as spelled by Plaintiff), correctional officer

at California City, (9) Judith Ruiz, registered nurse at California City, (10) Penida, registered

nurse at California City, (11) S. Callega, registered nurse at Ironwood State Prison, (12) H. Bond,

registered nurse at Ironwood State Prison, (13) J. McLaughlin, registered nurse at Ironwood State

---

[2] Plaintiff spells the name of the hospital as "Advantist."
[3] Plaintiff identities this defendant at "Port, Roberts."

Prison, (14) C. Jarell, medical doctor at Ironwood State Prison, (15) Pan, medical doctor at Ironwood State Prison, (16) John Doe,[4] watch commander at Ironwood State Prison, (17) "Wardens, LTs, Sgts, C/Os, RNs, et al."

In claim 1, Plaintiff alleges an Eighth Amendment right and medical negligence. After being denied and neglected essential medical care to his fracture spine at Advantist, Plaintiff was sent back to CAC where his medical needs got worse and ignored 48 hours later, Plaintiff was finally seen and to Bakersfield Advantist on 4/27/23. Plaintiff spoke and explained to several RNs and MDs that Plaintiff was assaulted by c/os at CAC facility 1. Plaintiff spoke with Akhavan, Port, PamPano on being assaulted by c/os and complications from excessive force. They chose to neglect and not report staff misconduct or document visual injuries. Discharge physician ignored and refused any request to be provided a wheelchair. Once Plaintiff realized CAC medical neglected to provided one on purpose, Plaintiff asked Lt Jane Doe in charge of i/ps at Advantist if she could provide Plaintiff a wheelchair for discharge. She said that "if MDs wanted you to have one they would have provided you w/one." Lt Jane Doe said to correctional officer Martinez and correction officer John Doe "that if I was so concerned for the wheel chair I should've thought about that before battering staff." Lt. Jane Doe further said to correctional officer Martinez "to make sure he gets on this van cause I'm not having you guys stay another 4 hrs for a wheelchair to be brought back from CAC." Correctional officer Martinez and John Doe forced Plaintiff up the ADA van steps. This ADA van was reordered especially for Plaintiff. The first van was not wheelchair equipped and we waited for 4 hours for this van and Plaintiff was forced and intimidated up the steps in pain and agony after major back surgery with no wheel chair as punishment for battering staff. Plaintiff was transported to Ironwood State Prison with no wheelchair and Plaintiff was made to balance himself upright for the duration back to CAC 4-6 hours swaying in pain and agony with each turn. Correctional officer Martinez said he felt wrong but he was only following orders and did not what else to do.

In claim 2, Plaintiff alleges violation of Eighth Amendment for "covering up staff

---

[4] Plaintiff spells this defendant as "Jhon Doe", but the court will assume he refers to John Doe and will use this spelling.

misconduct."  After suffering a back fracture from the use of excessive force from correctional officers at CAC, a Lt and Sgt (John Doe) came to Advantist and lied and fabricated the day of the interview "by over a week" to cover up visual marks and abuse. Plaintiff alleges that Lt. Jane Doe as well as MDs Port, Pampiano, Quiroz, Akhavan and MD Tiggs at CAC facility could have provided Plaintiff with wheelchair for transportation but they chose to stick together against Plaintiff and turn a blind eye to punish Plaintiff to have to endure a 5-6 hour ride back in a van with no wheelchair after having back surgery.  Plaintiff had to balance himself from sliding off the seal and with every bump and turn on the road and was painful.

In a claim 1,[5] Plaintiff alleges excessive force in violation of the Eighth Amendment.[6]  On 4-25-23 at CAC, Plaintiff was called to medical.  Plaintiff tried to refuse treatment but was denied his right to refuse treatment and forced to stay by Sgt. Ruiz. Then, RN Ruiz administered Narcain knowing that Plaintiff was not on drugs and it began giving Plaintiff a bad reaction which was made worse when sedatives were administered against his will.  He had instant withdrawals and was not able to stay still.  Plaintiff was in full restraints and in waist chains and leg restraints laying down on a gurney. C/o Fiorella [illegible] and other correctional officer were there.  They became annoyed Plaintiff could not remain still.  Correctional officer Fiarella, Jhonson, Shiff [illegible], Jackson began restraining Plaintiff when Fiarella snatched Plaintiff off the gurney and slammed Plaintiff on the floor violently like a UFC cage match, and began striking Plaintiff on

---

[5] The Court adopts the Plaintiff's numbering of the claims.

[6] This claim appears to be the subject of case no. 23-cv-1501 SAB and case no. 23-cv-1359 GSA. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688, 692–94 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). In case no. 23-cv-1359 GSA, Plaintiff alleges excessive for an incident on 4/25/23 by correctional officer Fiorella and "other officers" for snatching him off a gurney and slamming him on the floor injuring his spine.  (case no. 23-cv-1359 GSA, Doc. 1.) This claim is duplicative of a claim pending in case no. 23-cv-1359 GSA, and the Court declines to screen it..

the side of his head, flipped him over in a choke hold while yelling for Plaintiff to stop resisting. Correctional officer Jhonson, Huff, Jackson participated in the excessive force.  Plaintiff left them than one knee on his legs, back, neck.  All these correctional officers participated and falsely accused Plaintiff of battery while in full restraints.  RN Ruiz, RN Penid, RN Nuul [illegible] all allowed staff misconduct to go unreported MDs and RNs all failed to inform Advantist of possible injuries sustained from correctional officer so that Plaintiff would intentionally not receive proper medical care.  MD J. Doe avoided tending to Plaintiff obvious injuries and failed to hospital check his injuries and prevent Plaintiff from receiving further treatment.

In claim II, Plaintiff alleges as follows.[7]  After the correctional officers fractures Plaintiff's spine and battered Plaintiff on 4-25-23, Plaintiff was sent to Advantist Hospital and treated with total disregard and deliberate indifference.  Dr. Kee, Joon refused to further evaluate Plaintiff's complaints of neck and back pain and ignored obvious signs of nerve damage. Plaintiff had urinated on himself and had no control over bowel movements. Dr. Kee, Joon stated all he was asked to do was CT scan of Plaintiff's brain and would do no more for Plaintiff . Kurczeski also chose to ignore the obvious signs and complaint of severe back and neck pain. Dr. Huynh, Quan, Vu also refused to right evaluate the extent of Plaintiff's injuries or take note or report staff misconduct.  Plaintiff spoke to RN Edwards about Plaintiff's neck and back pain and about being battered and his response was that you should not have assaulted the correctional officers.  Plaintiff was falsely accused of battering officers and none of the medical personnel took note of Plaintiff's injuries of staff misconduct.  Plaintiff was send back to CAC with obvious signs of nerve damage to the spin, possible fracture and no treatment was provided.

In claim II, Plaintiff alleges a violation if HIPPA rights, medical neglect and Eighth Amendment violations (at Ironwood State Prison).  On 5-14-23 at 7 pm, Plaintiff was purposely left on the floor for over 2-3 hours after having major back surgery as a result of the excessive

---

[7] This claim likewise is duplicative of one pending in another case in this District, case no. 23-cv-1505 SAB.  In the duplicative case, Plaintiff claims he was sent to Adventist Hospital for a fractured spine after an excessive force incident. "Plaintiff told the nurses that he was in pain, his back hurt, and he lost control of urine and they told him he should not have been assaultive to officers. Nothing was done for Plaintiff."  (Case No. 23-cv-1505 SAB (Doc. 8).)  As this claim is duplicative of another case, the Court declines to screen this claim.

force on 4/25/23.  RN Callega and RN Bond violation Plaintiff's HIPPA right by allowing John Doe to determine if Plaintiff was to receive treatment and would offer a shot of Toradol for pain. Plaintiff was told that no staff of his would be allowed to come in to Plaintiff's aid unless Plaintiff decided to stop fucking around and get up and cuff up.  John Doe could interfere with his medical care by calling down there (offsite hospital) and make sure you don't get shit for your pain."  MD Jarell was notified and Plaintiff was supposed to go to the offsite hospital for care and check for structural damage.  But Plaintiff was never sent nor was the Torodal shot that was ordered administered.  Plaintiff was left in pain and agony and lost control of urine and bowel movements.  Plaintiff was suffering from the recent surgery and fall.  Plaintiff asked for pain medication and he told Plaintiff "no it's not good for you because you are a drug addict." RN McLoughlin tried to come into the cell to help but RN Bond and Callega would not allow her and told McLaughlin not to interfere and to go start paper work.

In claim 1, Plaintiff alleges that Eighth Amendment violation and Retaliation an right to medical care.  Plaintiff alleges that after having back surgery, Plaintiff was housed at Ironwood State Prison CTC aftercare.  On 5-14-23, Plaintiff accidently fell and could not get up. RN Callega and RN Bond subjected Plaintiff to ridicule and neglect by leaving Plaintiff on the floor for over 2-3 hours.  RNs Callega and Bond told the correctional officer that Plaintiff was faking. They began telling lies about Plaintiff that he is angry, aggressive and another drug addict. Sgt Jane Doe introduced herself and said she was going to allow medical staff and correctional officers into the cell to help plaintiff off the floor.  But she was not allowed when watch commander John Doe came on the scene and went along with RNs Bond and Callega.  John Doe told Plaintiff through the tray slot to get up and cuff up.  Watch Commander John Doe came back every 20-30 minutes or so and asked if Plaintiff was ready to get up and offered a shot of Torodal. After 2 hours of this interaction, he began getting upset and yelling for Plaintiff to stop fucking around and get up if Plaintiff wanted the shot for pain.  Later, John Doe had a cell extraction team of 5 correctional officer rush in with riot shields, cuff Plaintiff, dragged Plaintiff up and tossed Plaintiff on the bed.  Plaintiff was not checked nor sent out to the hospital for evaluation.  RN Bond grabbed the riot shield while plaintiff was on the ground and yelled "hold him down while I

practice on him," and laughing.

As remedies, Plaintiff seeks compensatory and punitive damages.  Plaintiff also asks that the court to stop 60-80% of any funds coming to Plaintiff being taking as he is without funds.

### III.    Discussion

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is relatively short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and are not clear as to what happened, when it happened, or who was involved.  General assertions regarding the failure of defendants to provide him with proper medical care are not sufficient. The allegations are confusing as to who did what and who was involved at what point in time.  In addition, several claims are pending in other federal actions and are improperly duplicative.

**Federal Rules of Civil Procedure 18 and 20**

To the extent Plaintiff is attempting to join unrelated claims, he is informed that he may not join unrelated claims. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences,

and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's first amended complaint joins claims which are unrelated. Plaintiff may not bring claims for events arising at CAC and for events arising at Ironwood State Prison, against different defendants, in the same action. Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences and different institutions. The claims are not related merely because they concern the injury to his back. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20. The Court will not screen any claim arising from any Defendants' conduct while at Ironwood State Prison.  Further, claims arising from conduct from  defendants at Ironwood, is not properly venued in Eastern District of California.

**State Actor**

Plaintiff names medical personnel from Advantist Hospital.

The term "person[s]" in § 1983 encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law— including local governmental entities. *See Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation must be a governmental actor because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong").  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff cannot assert a § 1983 claim against the private individual Defendants Robert S. Port, medical doctor, and Peter Paul Pampiano, medical doctor, or other medical personnel at Advantist unless he can plausibly allege the defendant was acting under color of state law.  The

Supreme Court and the Ninth Circuit have recognized at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations*, 975 F.3d 742, 747 (2020) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)); *see Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). Satisfaction of any of the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. *Pasadena Republican Club*, 985 F.3d at 1167; *Rawson*, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. *Pasadena Republican Club*, 985 F.3d at 1167.

Relevantly, physicians who contract with prisons to provide healthcare to inmates are state actors. *See, e.g.*, *West*, 487 U.S. at 51–54; *George v. Sonoma Cty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010). However, private doctors, nurses, and hospitals who have not assumed the State's obligation to provide medical care to inmates, are not state actors just because they provide one-off medical treatment to an inmate. *See, e.g.*, *West*, 487 U.S. at 51–54; *Calloway v. Youssee*, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 1409838, at *7 (E.D. Cal. May 4, 2022), report and recommendation adopted, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 2193458 (E.D. Cal. June 17, 2022), as clarified on denial of reconsideration, No. 1:21-CV-01450 JLT BAM(PC), 2022 WL 2873090 (E.D. Cal. July 21, 2022); *Felix v. Casey*, No. 2:18-cv-3185-KJM-AC-P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021); *Probst v. Adams Cty. Sheriff's Dep't*, No. 1:20-cv-00032-DCN, 2021 WL 1554064, at *3 (D. Idaho Apr. 19, 2021).

Defendants employed at Advantist private hospital appear to have treated Plaintiff on an emergency basis. The allegations are conclusory that any of these Defendants are state actors. Plaintiff has been unable to cure this defect.

**HIPAA claim**

Plaintiff also asserts that his HIPAA confidentiality was violated. "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). Accordingly, Plaintiff cannot state a claim against any defendant based on an asserted violation of HIPAA.

**False Accusations**

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2–3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations. Further, to the extent Plaintiff claims any defendant violated Plaintiff's constitutional rights for not reporting staff misconduct, Plaintiff is informed he does not have any such constitutional right.

**Excessive Force**

As stated above, Plaintiff's claims of excessive force for being snatched off the gurney and slammed to the floor are duplicative of another pending case.  Plaintiff fails to state a cognizable claim. He may pursue these claims in the currently pending case(s).

**Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

1  indifferent." *Jett*, 439 F.3d at 1096.

2        A defendant does not act in a deliberately indifferent manner unless the defendant "knows

3  of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825,

4  837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609

5  F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

6  shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

7  medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this

8  standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have

9  been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'

10  'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter*

11  *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross

12  negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood*

13  *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

14        At the pleading stage, Plaintiff has alleged facts that he was in serious medical need and

15  that the response by Lt. Jane Doe, correctional officer John Doe, and correctional officer Martinez

16  was deliberately different when they forced him into a van for a 5-6 hour trip after having back

17  surgery. Plaintiff alleges Lt Jane Doe said to correctional officer Martinez and correction officer

18  John Doe "that if I was so concerned for the wheel chair I should've thought about that before

19  battering staff." Lt. Jane Doe further said to correctional officer Martinez "to make sure he gets

20  on this van cause I'm not having you guys stay another 4 hrs for a wheelchair to be brought back

21  from CAC." Correctional officer Martinez and John Doe forced Plaintiff up the ADA van steps.

22  This ADA van was reordered especially for Plaintiff. The first van was not wheelchair equipped

23  and Plaintiff waited for 4 hours for this van and Plaintiff was forced and intimidated up the steps

24  in pain and agony after major back surgery with no wheel chair as punishment for battering staff.

25  Plaintiff was transported to Ironwood State Prison with no wheelchair and Plaintiff was made to

26  balance himself upright for the duration back to CAC 4-6 hours swaying in pain and agony with

27  each turn. Liberally construing the allegations, Plaintiff states a cognizable claim.

28        Plaintiff's claims against other defendants for the transportation are conclusory, without

1    sufficient factual support, and do not state a claim.

2    **State Law Claims**

3    To the extend Plaintiff purports to bring a state law claim for negligence and/or medical

4    malpractice, he fails to state a claim. The California Government Claims Act requires that a tort

5    claim against a public entity or its employees be presented to the California Victim Compensation

6    and Government Claims Board no more than six months after the cause of action accrues. Cal.

7    Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on

8    or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County*

9    *(Bodde),* 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th

10   201, 209 (2007). The Government Claims Act requires exhaustion of Plaintiff's state law tort

11   claims with the California Victim Compensation and Government Claims Board, and Plaintiff is

12   required to specifically allege compliance in the complaint. *Shirk v. Vista Unified Sch. Dist*., 42

13   Cal. 4th 201, 208–09 (Cal. 2007).

14   Plaintiff fails to state allegations that he complied with the Government Claims Act.

15   **Doe Defendants**

16   Plaintiff names several doe defendants.  "As a general rule, the use of 'John Doe' to

17   identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

18   Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be

19   served by the United States Marshal until Plaintiff has identified them as actual individuals and

20   amended his complaint to substitute names for John Doe or Jane Doe.

21   **Injunctive Relief**

22   In addition to compensatory damages, Plaintiff asks that the Court stop 60-80% of any

23   funds coming to Plaintiff being taken as he is without funds.  The Court construes these

24   allegations as requests for injunctive relief.  "[P]laintiff must show that he has sustained or is

25   immediately in danger of sustaining some direct injury as the result of the challenged official

26   conduct and the injury or threat of injury must be both real and immediate, not conjectural or

27   hypothetical." *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal

28   quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer

1    future injury. *Jones*, 444 F.3d at 1126. Furthermore, any award of equitable relief is governed

2    by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any

3    civil action with respect to prison conditions shall extend no further than necessary to correct

4    the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant

5    or approve any prospective relief unless the court finds that such relief is narrowly drawn,

6    extends no further than necessary to correct the violation of the Federal right, and is the least

7    intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §

8    3626(a)(1)(A).

9            **IV.    Conclusion and Recommendation**

10         For the reasons stated, the Court finds that Plaintiff states a cognizable claim for deliberate

11    indifference to medical care against Defendants Lt. Jane Doe, correctional officer John Doe, and

12    correctional officer Martinez for forcing Plaintiff into the van transport following back surgery.

13    Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

14    Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable

15    to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*,

16    203 F.3d 1122, 1130 (9th Cir. 2000).

17         Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

18    district judge to this action.

19         Furthermore, it is HEREBY RECOMMENDED that:

20    1.  This action proceed on Plaintiff's first amended complaint, filed July 18, 2024, (ECF No.

21         18), for deliberate indifference to medical care against Defendants Lt. Jane Doe,

22         correctional officer John Doe, and correctional officer Martinez for forcing Plaintiff into

23         the van transport following back surgery, in violation of the Eighth Amendment; and

24    2.  All other claims and defendants be dismissed based on Plaintiff's failure to state claims

25         upon which relief may be granted.

26                                     \* \* \*

27         These Findings and Recommendations will be submitted to the United States District

28    Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after

being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:  __**August 15, 2024**__                    ___/s/ Barbara A. McAuliffe___
                                                      UNITED STATES MAGISTRATE JUDGE

14