**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>     Plaintiff,<br><br>   v.<br><br>AKHAVAN, *et al.*,<br><br>     Defendants. | Case No. 1:23-cv-01506 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(Doc. 21)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br>(Doc. 22) |

Jaime Cesar Gonzalez seeks to hold the defendants liable for violations of his civil rights while incarcerated at California City Correctional Facility and Ironwood State Prison, and when Plaintiff received treatment at Adventist Health hospital. (*See generally* Doc. 18.) The magistrate judge screened the amended complaint pursuant to 28 U.S.C. § 1915A(a) and found "Plaintiff is attempting to bring multiple claims that arise from different and unrelated occurrences and different institutions." (Doc. 21 at 8.) For this reason, the magistrate judge declined to "screen any claims arising from any Defendants' conduct while at Ironwood State Prison." (*Id.*) The magistrate judge also found Plaintiff raised claims that duplicated those raised in Case Nos. 1:23-cv-1501-JLT SAB and 1:23-cv-1359-GSA, alleging excessive force by correctional officers and wrongful actions by nurses at Adventist Health, and declined to screen the duplicated claims. (*Id.* at 4, n.6; *id.* at 5, n.7.)

In screening the remaining claims, the magistrate judge found Plaintiff stated a cognizable

1

1    claim for deliberate indifference to medical care in violation of the Eighth Amendment against
2    Defendants Lt. Jane Doe, correctional officer John Doe, and correctional officer Martinez for
3    forcing Plaintiff into the transport van following back surgery.  (Doc. 21 at 10-11.)  The
4    magistrate judge found Plaintiff's other claims were not cognizable.  (*See id.* at 8-13.)  Because
5    Plaintiff was previously "provided with the relevant pleading and legal standards" and was
6    "unable to cure the identified deficiencies," the magistrate judge found that further leave to
7    amend was not warranted.  (*Id.* at 13.)  Therefore, the magistrate judge recommended the
8    remaining claims and defendants be dismissed for "Plaintiff's failure to state claims upon which
9    relief may be granted."  (*Id.*)

10   In his objections, Plaintiff asserts that he is "limited in his understanding of the law [and]
11   procedures," and was "under the impression that 'amending' claims was putting together all
12   relevant claims that [transpired]… from one place to the next." (Doc. 22 at 1.)  He requests the
13   Court appoint counsel to assist in this matter.   (*Id.* at 1-2.)  Thus, Plaintiff does not dispute the
14   findings that he stated claims duplicative to those raised in other pending actions, or that many
15   claims raised in the amended complaint were not cognizable.

16   According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
17   Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes
18   the Findings and Recommendations are supported by the record and by proper analysis.  Further,
19   to the extent Plaintiff seeks appointment of counsel in his objections, the Court denies the request.
20   Plaintiff does not have a constitutional right to appointed counsel in a civil action, and the Court
21   cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Adir Int'l,*
22   *LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021); *Mallard v. U.S. Dist.*
23   *Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In exceptional circumstances the Court may
24   request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Palmer v. Valdez*, 560
25   F.3d 965, 970 (9th Cir. 2009).  At this early juncture, the Court is unable to determine whether
26   Plaintiff is likely to succeed on the merits of his claims.  Additionally, Plaintiff appears capable of
27   adequately articulating his claims and arguing legal issues without the assistance of counsel.
28   Exceptional circumstances do not exist now that would warrant appointment of counsel.  Thus,

the Court **ORDERS**:

1. The Findings and Recommendations issued on August 15, 2024 (Doc. 21) are **ADOPTED** in full.
2. This action **SHALL** proceed <u>only</u> on Plaintiff's claim against Defendants Jane Doe, John Doe, and Martinez for deliberate indifference to medical care in violation of the Eighth Amendment, as stated in the amended complaint (Doc. 18).
3. Plaintiff's claims related to incidents at Ironwood State Prison are **DISMISSED** without prejudice.
4. Plaintiff's duplicative claims—concerning the alleged excessive force by correctional officers and the actions of the nurses at Adventist Health—are **DISMISSED** without prejudice to proceeding on the claims raised in Case Nos. 1:23-cv-1501-JLT SAB and 1:23-cv-1359-GSA.
5. All other claims and defendants are **DISMISSED** from this action for failure to state claims upon which relief may be granted.
6. Plaintiff's request for appointment of counsel is **DENIED** without prejudice.
7. This action is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **November 19, 2024**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3