1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JAIME CESAR GONZALEZ,                    Case No.  1:23-cv-01506-JLT-BAM (PC)

12              Plaintiff,                     ORDER TO SHOW CAUSE WHY
                                               DEFENDANT MARTINEZ SHOULD NOT
13        v.                                   BE DISMISSED FROM THIS ACTION FOR
                                               FAILURE TO PROVIDE SUFFICIENT
14   AKHAVAN, *et al.*,                        INFORMATION TO EFFECTUATE
                                               SERVICE
15              Defendants.
                                               (ECF No. 25)
16
                                               **THIRTY (30) DAY DEADLINE**
17

18        Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

19   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

20   Plaintiff's first amended complaint for deliberate indifference to medical care against Defendants

21   Lt. Jane Doe, correctional officer John Doe, and correctional officer Martinez for forcing Plaintiff

22   into the van transport following back surgery, in violation of the Eighth Amendment.

23        On November 21, 2024, the Court issued an order directing service on Defendant

24   Martinez under the Court's E-Service pilot program for civil rights cases for the Eastern District

25   of California.[1]  (ECF No. 25.)  The order included the following information regarding Defendant

26   Martinez: "Martinez, Correctional Officer; van transport from Bakersfield Advantist (or

27

     _____

28   [1] At the time, the Court did not find service appropriate for Defendants Jane Doe and John Doe because the U.S.
     Marshal cannot serve a Doe Defendant.

                                          1

1   Adventist) Hospital to California City Correctional Facility; on or about April 27, 2023." (*Id.* at

2   2.)  On December 11, 2024, the Court received information that Defendant Martinez had retired

3   from CDCR and could not be contacted at his last known address or phone number.  Service

4   documents were forwarded to the United States Marshals Service.  On December 13, 2024, the

5   United States marshal filed a return of service unexecuted as to Defendant Martinez.  (ECF No.

6   28.)

7           Federal Rule of Civil Procedure 4(m) provides as follows:

8           If a defendant is not served within 120 days after the complaint is filed, the
9           court—on motion or on its own after notice to the plaintiff—must dismiss the
            action without prejudice against that defendant or order that service be made
10          within a specified time.  But if the plaintiff shows good cause for the failure, the
            court must extend the time for service for an appropriate period.
11

12  Fed. R. Civ. P. 4(m).

13          In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the

14  court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro

15  se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

16  summons and complaint, and . . . should not be penalized by having his or her action dismissed

17  for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the

18  duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So

19  long as the prisoner has furnished the information necessary to identify the defendant, the

20  marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d

21  1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115

22  (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and

23  sufficient information to effect service of the summons and complaint, the Court's *sua sponte*

24  dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

25          Here, the U.S. Marshal attempted to electronically serve Defendant Martinez with the

26  information that Plaintiff provided.  However, the Court was informed that Defendant Martinez

27  could not be located with the information provided or the last known phone number or address on

28  file with CDCR.  The U.S. Marshal then attempted personal service at the last known address for

2

Defendant Martinez, but was informed by the new home owner that they have lived at that address since 2016, and Defendant Martinez does not live there.  (ECF No. 28.)  Plaintiff therefore has not provided sufficient information to locate Defendant Martinez for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to locate this defendant, Defendant Martinez shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Martinez should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing additional information that will assist the Marshal in locating Defendant Martinez for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Martinez should not be dismissed from this action; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:    **February 28, 2025**          /s/ *Barbara A. McAuliffe*       
                                      UNITED STATES MAGISTRATE JUDGE