# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AKHAVAN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01506-JLT-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S RESPONSE AS MOTION FOR DISCOVERY AND TO APPOINT COUNSEL<br>(ECF No. 29)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND TO APPOINT COUNSEL WITHOUT PREJUDICE<br>(ECF No. 29)<br><br>ORDER GRANTING EXTENSION OF TIME TO IDENTIFY DEFENDANTS JOHN DOE AND JANE DOE FOR SERVICE OF PROCESS<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Jane Doe, John Doe, and Martinez for deliberate indifference to medical care in violation of the Eighth Amendment for forcing Plaintiff into the van transport following back surgery.

　　　　On November 21, 2024, the Court directed Plaintiff to file a motion to substitute the identities of Defendants John Doe and Jane Doe that provides the Court with enough information to locate them for service of process.[1]  (ECF No. 24.)

---

[1] By separate order, the Court directed service of the complaint on Defendant Martinez.  (ECF No. 25.)  Defendant

1

On December 23, 2024, Plaintiff filed a response stating that he does not have an investigator or attorney and he does not know how to go about identifying the Doe defendants. (ECF No. 29.)  Plaintiff requests that the Court assist him in obtaining the log and records of who transported him back to California City after being discharged from the hospital, as well as the name of Defendant Jane Doe.  Plaintiff states that she is a female correctional officer with the rank of Lt., in charge of inmate/patients at Adventist Bakersfield Hospital on or about April 30, 2023.  There is a floor just for inmates, and she is the Jane Doe he is seeking to identify.  She is a tall, 5'10" older woman of 50–60 years of age that was in charge, and she instructed officers to force Plaintiff into a wheelchair equipped van with no wheelchair after Plaintiff's back surgery.  The log and records will help Plaintiff name the John and Jane Does involved.  Plaintiff further asks the Court for counsel due to the complex circumstance of a "joinder" situation and the 3 other claims he has written that are one and the same.  (*Id.*)

The Court construes Plaintiff's filing as a motion for discovery and to appoint counsel.  The motion is deemed submitted.  Local Rule 230(l).

**I.     Motion for Discovery**

As there are currently no defendants served in this action, Plaintiff's request for the Court's assistance in obtaining discovery appears to be a request for a third-party subpoena pursuant to Federal Rule of Civil Procedure 45.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents.  Fed. R. Civ. P. 34.  A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a

---

Martinez was unable to be served, (ECF No. 28), and on February 28, 2025, the Court issued an order for Plaintiff to show cause why Defendant Martinez should not be dismissed from this action for failure to provide sufficient information to effectuate service.  (ECF No. 30.)  Plaintiff's response to that order is currently due on or before April 2, 2025.

showing that the records are only obtainable through that third party.

Plaintiff's instant request does not meet these requirements. Although Plaintiff has identified a relevant time period and the types of documents sought, Plaintiff has not identified who the request should be directed to or established that these records are only obtainable through the specified third party.

Furthermore, Plaintiff's request is premature. As noted above, no defendants have been served in this action. If Plaintiff is able to provide further information, Defendant Martinez may be able to be served with process. If Defendant Martinez appears in this action, the Court will issue an order opening discovery. If Plaintiff is unable to obtain the information or evidence he needs through the normal process of serving discovery on Defendant Martinez, he may renew his motion for a third-party subpoena, if necessary.

**II.     Motion to Appoint Counsel**

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must litigate their cases without the assistance of counsel or an

investigator. The existence of similar claims against multiple defendants in this case does not render it exceptional or complex.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff has been found to state cognizable claims, that does not mean that Plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

## III. Identification of Doe Defendants

At this time, the Court does not find it appropriate to grant Plaintiff's motion for discovery or appointment of counsel. While Plaintiff claims that he does not know how to obtain the identities of the Doe defendants, Plaintiff has identified specific documents that he believes contain the necessary information. However, Plaintiff has not stated whether he has made any efforts to obtain these documents without the Court's assistance. Furthermore, Plaintiff is reminded that it is his responsibility to provide the Court with information to identify these defendants for service of process.

However, the Court finds it appropriate to grant Plaintiff an extension of time to identify the Doe defendants. If Plaintiff is unable to obtain identifying information for the Doe defendants by the extended deadline, Plaintiff may file a motion for extension of time that sets forth good cause for the request, including what efforts he has taken to identify these defendants. For example, Plaintiff may include what specific information he has requested, who he has requested the information from, and what responses, if any, he has received. If Plaintiff does not show good cause for a further extension of time, or does not provide any information regarding what steps he has taken to identify the Doe defendants, the Court will dismiss any unidentified defendants from this action.

## IV. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's December 23, 2024 response, (ECF No. 29), is CONSTRUED as a motion for discovery and to appoint counsel;

4

2. Plaintiff's motion for discovery and to appoint counsel, (ECF No. 29), is DENIED, without prejudice;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a motion to substitute the identities of Defendants John Doe and Jane Doe that provides the Court with enough information to locate them for service of process; and

4. **If Plaintiff fails to comply with this order, the Court will dismiss any unidentified defendant(s) from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **March 4, 2025**                         /s/ *Barbara A. McAuliffe*    
                                                            UNITED STATES MAGISTRATE JUDGE

5