1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JAIME CESAR GONZALEZ,                    Case No.  1:23-cv-01506-JLT-BAM (PC)

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSAL OF
13           v.                                DEFENDANTS, WITHOUT PREJUDICE,
                                               FOR FAILURE TO SERVE AND DISMISSAL
14    AKHAVAN, *et al.*,                       OF ACTION

15                    Defendants.              (ECF Nos. 25, 30, 31)

16                                             **FOURTEEN (14) DAY DEADLINE**

17

18          Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

19    *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

20    Plaintiff's first amended complaint against Defendants Jane Doe, John Doe, and Martinez for

21    deliberate indifference to medical care in violation of the Eighth Amendment for forcing Plaintiff

22    into the van transport following back surgery.

23    **I.      Background**

24          On November 21, 2024, the Court issued an order directing service on Defendant

25    Martinez under the Court's E-Service pilot program for civil rights cases for the Eastern District

26    of California, and an order directing Plaintiff to file a motion to substitute the identities of

27    Defendants John Doe and Jane Doe that provides the Court with enough information to locate

28    them for service of process.  (ECF Nos. 24, 25.)

                                                     1

On December 11, 2024, the Court received information that Defendant Martinez had retired from CDCR and could not be contacted at his last known address or phone number. Service documents were forwarded to the United States Marshals Service for personal service at the last known address, but the U.S. Marshal was informed by the new homeowner that they have lived at that address since 2016, and Defendant Martinez does not live there.  (ECF Nos. 28.)  On February 28, 2025, the Court issued an order for Plaintiff to show cause why Defendant Martinez should not be dismissed from this action, and warning Plaintiff that failure to respond to the Court's order would result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 30.)

On December 23, 2024, Plaintiff filed a response regarding the Doe defendants, stating that he does not have an investigator or attorney and he does not know how to go about identifying the Doe defendants.  (ECF No. 29.)  On March 4, 2025, the Court construed Plaintiff's response as a motion for discovery and to appoint counsel, denied those requests, and granted Plaintiff an extension of time to file a motion to substitute the identities of Defendants John Doe and Jane Doe.  (ECF No. 31.)  Plaintiff was warned that failure to respond to the Court's order would result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.*)

On March 31, 2025, Plaintiff filed a response to the Court's orders regarding Defendant Martinez and Defendants John Doe and Jane Doe.  (ECF No. 32.)

**II.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon

1  order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]

2  prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s]

3  the necessary information to help effectuate service.'"  *Schrubb v. Lopez*, 617 Fed. Appx. 832,

4  832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on*

5  *other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).  "So long as the prisoner has furnished

6  the information necessary to identify the defendant, the marshal's failure to effect service is

7  'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting

8  *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), *overruled on other grounds by*

9  *Sandin*, 515 U.S. at 483–84.  However, where a *pro se* plaintiff fails to provide the Marshal with

10  accurate and sufficient information to effect service of the summons and complaint, the Court's

11  *sua sponte* dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421–22.

12  **III.    Discussion**

13      In his response, Plaintiff asks the Court not to dismiss Defendants Martinez, John Doe, or

14  Jane Doe so they will not walk away free from the cruel and unusual punishment he was made to

15  endure.  (ECF No. 32.)  Plaintiff reiterates the allegations from his first amended complaint and

16  states that when he wrote the 602 grievance appeal regarding the incident he was never provided

17  with any of the names or identities of the defendants.  When the Court asked for more

18  information about these individuals, Plaintiff wrote another grievance form in January 2025

19  asking specifically for the names and more information about these individuals to be able to

20  provide the Court with sufficient information to proceed.  Plaintiff recently spoke to Internal

21  Affairs, and asked if he would be given the names or any information, but the officer neither

22  confirmed nor denied that he would be able to provide the names or more information on

23  Defendants.  Plaintiff has spoken to his CCI CERCA as to his options to obtain more information

24  and the 602 appeals process is the only thing available for Plaintiff as an inmate.  Plaintiff states

25  that he needs some kind of investigator to pry the information from CDC officials.  Plaintiff

26  renews his request for appointment of counsel in this case due to the complex circumstances he

27  faces in gathering any information to proceed.  Plaintiff is also of limited education at a fifth

28  grade level, and is falling in a great deep feeling of overwhelming depression with his lack of

1  knowledge and general know how.  (*Id.*)

2      **A.**    **Plaintiff's Motion to Appoint Counsel**

3      Plaintiff's renewed request for appointment of counsel or an investigator is denied,

4  without prejudice, for the reasons explained in the Court's March 4, 2025 order.  (ECF No. 31.)

5      Plaintiff is reminded that he does not have a constitutional right to appointed counsel in

6  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

7  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

8  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

9  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

10  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

11  1525.

12      Plaintiff's renewed motion does not present any new or additional grounds for

13  appointment of counsel, and the Court again does not find the required exceptional circumstances.

14  While the Court is sympathetic to Plaintiff's efforts to obtain the necessary information to serve

15  Defendants in this action, Plaintiff's difficulties in obtaining this information do not render his

16  case exceptional.

17      **B.**    **Defendant Martinez**

18      The Marshal attempted to serve Defendant Martinez with the information that Plaintiff

19  provided and the last known address provided by CDCR.  However, the information provided

20  was not sufficient to identify Defendant Martinez for service of process.

21      Plaintiff was afforded an opportunity to provide further information to locate Defendant

22  Martinez.  However, Plaintiff makes clear in his response that he has no additional information

23  that can be used to locate Defendant Martinez, despite attempting to obtain additional information

24  through the prison grievance process.  (ECF No. 32.)

25      As Plaintiff has indicated that he has no other information that can be used to locate

26  Defendant Martinez, and as the Marshal has already attempted to serve Defendant Martinez with

27  the information provided, the Court finds that Plaintiff has not provided sufficient information to

28  identify and locate Defendant Martinez for service of process.

### C.    Defendants John Doe and Jane Doe

Plaintiff has been granted multiple opportunities to provide sufficient information to identify Defendants John Doe and Jane Doe so the United States Marshal may serve the summons and complaint.  Plaintiff was afforded an opportunity to provide further information to locate Defendant Martinez.  However, Plaintiff makes clear in his response that he has no additional information that can be used to locate Defendants John Doe and Jane Doe, despite attempting to obtain additional information through the prison grievance process.  (ECF No. 32.)

As Plaintiff has indicated that he has no other information that can be used to locate Defendants John Doe and Jane Doe, despite his efforts to obtain additional information, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendants John Doe and Jane Doe for service of process.

## IV.    Conclusion and Recommendations

Despite his best efforts, Plaintiff has failed to provide sufficient information to locate Defendant Martinez for service of process, and has failed to identify Defendants John Doe and Jane Doe so the United States Marshal may serve the summons and complaint.  As Defendants Martinez, John Doe, and Jane Doe are the only defendants remaining in this action, this case cannot proceed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion for appointment of counsel, (ECF No. 32), is DENIED, without prejudice.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. Defendants Martinez, John Doe, and Jane Doe be dismissed, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m); and

2. This action be dismissed, without prejudice.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:    **April 1, 2025**                    /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

6