UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>AKHAVAN, et al.,<br><br>      Defendants. | Case No.: 1:23-cv-01506 JLT BAM<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 33, 34) |

Jaime Cesar Gonzalez seeks to hold the defendants liable for violations of his rights under the Eighth Amendment while incarcerated at California City Correctional Facility, asserting they exhibited deliberate indifference while transporting Plaintiff following back surgery. (*See generally* Docs. 18, 23.) The Court found service was appropriate on November 21, 2024. (Doc. 25.) Plaintiff did not provide sufficient information to effectuate service upon the defendants. Therefore, the magistrate judge found Plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure, and recommended the Court dismiss the action without prejudice. (Doc. 33 at 2-5.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 33 at 5.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of the 'rights to challenge the magistrate's factual findings' on appeal." (*Id*. at 6, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed. However, Plaintiff filed a

1

request for appointment of counsel, asserting that his "imprisonment will greatly limit his ability to litigate," the issues presented are complex, and he has a limited educational background. (Doc. 34 at 1.) Plaintiff again reports that he attempted to obtain the identities of the "Doe" defendants through the prison grievance process but only received "evasive responses [and] no results." (*Id.*)

As the magistrate judge observed, Plaintiff was "granted multiple opportunities to provide sufficient information to identify Defendants John Doe and Jane Doe," and failed to do so. (Doc. 33 at 5.) In addition, the Court granted the "opportunity to provide further information to locate Defendant Martinez." (*Id.*) Despite these opportunities, and using the prison grievance process, Plaintiff indicated that he had "no additional information that can be used to locate Defendants John Doe and Jane Doe." (*Id.*) Plaintiff does not dispute the findings of the magistrate judge or provide any additional information regarding his efforts to identify the defendants.

As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in a civil action, and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Adir Int'l, LLC v. Starr Indem. & Liab. Co*., 994 F.3d 1032, 1038-39 (9th Cir. 2021); *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff appears capable of adequately articulating his claims and arguing legal issues without the assistance of counsel, despite his limited education. Appointment of counsel is not appropriate on these bases. *See Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated April 1, 2025 (Doc. 33) are **ADOPTED** in full.

2. Plaintiff's motion to appoint counsel (Doc. 34) is **DENIED**.

///

3. The action is **DISMISSED** without prejudice.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 6, 2025**

UNITED STATES DISTRICT JUDGE