UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>AKHAVAN, et al.,<br><br>        Defendants. | No.  1:23-cv-01506-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 37) |

      Jaime Cesar Gonzalez is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff sought to hold the defendants liable for violations of his rights under the Eighth Amendment while incarcerated at California City Correctional Facility, asserting they exhibited deliberate indifference while transporting Plaintiff following back surgery.  (*See generally* Docs. 18, 23.)  The Court found service was appropriate on November 21, 2024.  (Doc. 25.)  Plaintiff did not provide sufficient information to effectuate service upon the defendants.  Therefore, the magistrate judge found Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m) and recommended the Court dismiss the action without prejudice.  (Doc. 33 at 2–5.)  The Court adopted the findings and recommendations in full and dismissed the action without prejudice on May 6, 2025.  (Doc. 35.) The Court entered judgment the same day. (Doc. 36.) Before the Court is Plaintiff's filing requesting an extension of time to identify the defendants, which the Court construes as a motion for reconsideration, filed

1

May 15, 2025.  (Doc. 37.)

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight days after entry of the judgment.  *See* Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff's motion does not provide any basis for overturning the Court's judgment pursuant to Rule 59(e) or 60.  As in his prior filings, Plaintiff argues that he has been trying to identify defendants to provide the Court with enough information to identify and locate them for service of process, but CDCR authorities refuse to give Plaintiff the information he needs.  (Doc. 37.)  Plaintiff also requests that the Court locate the "Warden of California City State Prison Leanna Lundy" for service of process, or "Head of (CAC)" regarding their responsibilities to oversee Plaintiff's claims and to forward the names, identities, and whereabouts of authorities and

2

leaders regarding Plaintiff's petition. Plaintiff states that he knows that the Warden has all the information regarding the names, transports, logs and whereabouts of all individuals in question, and asks the Court to serve the Warden to produce the information as well as be held responsible for failure to protect his best interests and medical needs. (*Id.*)

As the Court previously found, Plaintiff has had multiple opportunities to provide sufficient information to identify defendants in this action, and despite these opportunities and using the prison grievance process, Plaintiff continued to indicate that he had no additional information that could be used to locate the defendants. (Doc. 35 at 2.) Although Plaintiff claims that he knows Warden Leanna Lundy has the information he seeks, he has not shown that there are new or different facts that he could not have shown upon an earlier motion, or that there are other grounds for reconsidering the Court's final order.

For these reasons, Plaintiff's motion for reconsideration, (Doc. 37), is **DENIED**. This action remains closed.

IT IS SO ORDERED.

Dated:    **May 20, 2025**                             /s/ Jennifer L. Thurston
                                                    UNITED STATES DISTRICT JUDGE